## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARK RORABECK** and
**SOUTHERN LIGHTS FIREWORKS, INC.**,
an Arizona corporation,

        Plaintiffs,

        vs.                                NO.   **CIV 01-0558 MCA/ACT**

**NEW MEXICO STATE FIRE BOARD**, **GEORGE CHAVEZ**, State Fire Marshal for the State of New Mexico, **NEW MEXICO STATE POLICE**, **COUNTY OF McKINLEY**, **CITY OF GALLUP**, a municipal corporation, **AUGIE M. DURANTE**, **ANDREW A. CARBAJAL**, **JULIO SANCHEZ**, individually and in their official capacities as Deputy State Fire Inspectors, **DANIEL LEWICKI**, **B. HENDERSON**, individually and in their official capacities as State Troopers for the New Mexico State Police, **FRANK GONZALEZ**, Sheriff of and for the County of McKinley, **G. E. GARCIA**, **JOHN YEARLY**, individually and in their official capacities as Deputy Sheriffs for the County of McKinley, and **KENNETH CARBAJAL**, individually and in his official capacity as City Fireman of and for the City of Gallup,

        Defendants.

### MEMORANDUM OPINION AND ORDER OF REMAND

    **THIS MATTER** comes before the Court on Plaintiff's *Motion to Remand and Notice of Motion* (Doc. No. 10) filed on June 14, 2001.   The Court, having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, finds that Plaintiffs' motion is well taken for the reasons set forth below.

## I.   **BACKGROUND**

On May 8, 2001, Plaintiffs Mark Rorabeck and Southern Lights Fireworks, Inc. filed the present lawsuit in the First Judicial District Court of the State of New Mexico against the New Mexico State Fire Board; George Chavez, State Fire Marshal; the County of McKinley; the City of Gallup; Augie M. Durante, Andrew A. Carbajal, and Julio Sanchez, individually and in their official capacity as Deputy State Fire Inspectors; Daniel Lewicki and B. Henderson, individually and in their official capacity as State Troopers of New Mexico State Police; Frank Gonzalez, Sheriff for the County of McKinley; G. E. Garcia and John Yearly, individually and in their official capacity as Deputy Sheriffs of the County of McKinley; and Kenneth Carbajal, individually and in his official capacity as City Fireman for the City of Gallup.  According to Plaintiffs, the lawsuit arose out of Defendants' illegal search and seizure of Plaintiffs' fireworks inventory based upon the drought proclamation of the County of McKinley.  Plaintiffs claim relief for lost revenue for the July 4th season of the year 2000, 42 U.S.C. § 1983 (1994), abuse of criminal process, defamation to business, defamation to Plaintiff Rorabeck personally, and violation of state constitutional and statutory rights. Plaintiffs also request that the Court declare the County's drought proclamation unconstitutional and unlawful.

On May 17, 2001, McKinley County removed the case to the federal court based upon federal question jurisdiction.  None of the other Defendants joined in the Notice of Removal. The record contains no express consent of removal by other Defendants.  As the record contains no copies of returns of service, evidencing service upon the remaining Defendants,

the Court *sua sponte* directed Defendant County of McKinley to furnish the Court with returns of service, acceptance of service, or other documents evidencing service upon each remaining Defendant. Attorney John Dubois filed an affidavit on behalf of the New Mexico State Fire Board and the New Mexico State Fire Marshal George Chavez, the New Mexico State Police, New Mexico State Police Officer Daniel Lewicki, and New Mexico State Police Officer Brandon Henderson (State Defendants), stating that none of these State defendants were personally served in accordance with N.M. Stat. Ann. 38-1-17 and Rule 1-004 (3) NMRA 2001. (Aff. of Dubois at ¶ 2). Attorney Jonlyn Martinez filed an affidavit on behalf of Defendants County of McKinley, Durante, Sanchez, Gonzalez, Garcia, Yearly, and Kenneth Carbajal (County Defendants), stating that only McKinley County was served on May 17, 2001, and that she is not certain whether any of the individual County Defendants have ever been properly served with Plaintiffs' complaint. (Aff. of Martinez at ¶ 3 & 4). Attorney Lynn Issacson filed an affidavit on behalf of Defendants City of Gallup and Andrew Carbajal, stating that copies of the summons and complaint were left in Andrew Carbajal's mail box at the Gallup Fire Department and also with the Fire Chief. (Aff. of Issacson at ¶ 4). Ms. Issacson also stated that the summons and complaint intended for the City of Gallup were delivered to the City Clerk's office on May 21, 2001. (Aff. of Issacson at ¶ 5).

## II.   **REMOVAL AND REMAND**

Removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (1994).  Removal statutes are strictly construed against removal to prevent encroachment on the jurisdiction of state courts, to preserve comity, and to protect the plaintiff's right to fair treatment.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).  Further, the removal of civil cases to federal court may infringe on state sovereignty.  See id. at 108-109.  All doubts must be resolved against removal and in favor of remand.  See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001); Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1992).

At any time before a final judgment, the district court must remand a case that appears to have been removed improvidently.  See 28 U.S.C. § 1447(c).  Since removal is entirely a statutory right, the relevant procedures must be followed.  See Lewis v. Rego Co., 757 F.2d 66, 68 (3rd. Cir. 1985).

One procedural requirement for removal is set forth in Section 1446(a):

> A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for  removal, together with a copy of

all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  Courts, over the years, have consistently interpreted this subsection as requiring all then served, properly joined defendants, except nominal and formal defendants, to join the removal petition.  See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 (9th Cir. 1988); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1261 (5th Cir. 1988).  This rule is otherwise called the rule of unanimity.  The failure to join all proper defendants renders the removal petition procedurally defective.  See Cornwall, 654 F.2d at 686; Emrich, 846 F.2d at 1193. The removal statute requires that all served defendants, except nominal defendants, join in or consent to the removal notice within thirty days of service.  See Cornwall, 654 F.2d at 686; First Nat'l Bank & Trust Co. v. Nicholas, 768 F. Supp. 788, 790 (D. Kan. 1991).

"The failure of all defendants to join in a removal petition renders the petition procedurally defective, and [28 U.S.C.] § 1447(c) requires that the district court remand the case." FDIC v. OKC Partners, Ltd., No. 91-6300, 1992 WL 73005, at **4 (10th Cir. 1992) (citing Cornwall, 654 F.2d at 686 ("[C]o-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective.")); see also Goodman v. Med. Eng. Corp., No. 98-6437, 1999 WL 672303, at **2 (10th Cir. 1999) (unanimity is a "prerequisite"); Sheet Metal Workers Int'l Ass'n v. Seay, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982); Todd v. DSN Dealer Serv. Network, Inc., 861 F. Supp. 1531, 1535 (D. Kan. 1994) (attorney may only give consent of party represented). The provisions of Section 1446(b)

make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant.  See <u>Getty Oil Corp.</u> 841 F.2d at 1263 (5th Cir. 1988).  In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served.  <u>See id.</u>; <u>Wickham v. Omark Indus., Inc.</u>, 1993 WL 393012 * 1 (D. Kan. 1993).  <u>See Getty Oil Corp.</u>, 841 F.2d at 1263; <u>Scheall v. Ingram</u>, 930 F.Supp. 1448, 1449 (D. Colo. 1996).  This rule promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.  <u>See Getty Oil Corp.</u>, 841 F.2d at 1263.  All the defendants need not sign the same notice of removal.  Each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty-day period.  <u>See id.</u>  Further, the removal statute requires that all defendants communicate their consent to the court, not to one another.  <u>See Fellhauer v. City of Geneva</u>, 673 F.Supp. 1445, 1448 (N.D. Ill. 1987).  Although the time limitation is not jurisdictional, it is strictly enforced and not subject to consent of the parties or order of the court.  <u>See Hill v. Phillips, Barratt, Kaiser Engineering Ltd.</u>, 586 F.Supp. 793, 794 (N.D. Ill. 1987); <u>First Nat'l Bank & Trust Co.</u>, 768 F.Supp. at 790.

The unanimity rule is not without exceptions.  There are generally two recognized exceptions which may affect the requirement of unanimity among defendants:  (1) a nominal or formal party, being necessary nor indispensable, is not required to join in the petition for removal, <u>see Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349</u>, 427 F.2d 325, 327 (5th Cir. 1970); and (2) a defendant who has not yet been served with process is not required to join.  <u>See Pullman Co. v. Jenkins</u>, 305 U.S. 534, 540-41

(1939); see generally 14 C Wright, A. MIller & E. Cooper, Federal Practice and Procedure § 3731 (1998). The test of whether a named defendant is a nominal party depends upon his role in the lawsuit. If a defendant is a depository or stake holder, he/she is a nominal defendant. See Tri-Cities Newspapers, Inc., 427 F.2d at 327.

As noted in the affidavit of Attorney Dubois (who represents the New Mexico State Fire Board), New Mexico State Fire Marshal George Chavez, New Mexico State Police, New Mexico State Police Officer Daniel Lewicki, and New Mexico State Police Officer Brandon Henderson were not properly served. Attorney Martinez's affidavit stated that McKinley County was served on or about May 17, 2001, and Augie Durante, Julio Sanchez, Frank Gonzalez, G. E. Garcia, John Yearly, and Kenneth Carbajal were not served on or prior to May 17, 2001. Martinez's affidavit further added that she is not certain whether any of these individuals have ever been properly served. Finally, Attorney Issacson stated in her affidavit that Defendant Andrew Carbajal, an employee of the City of Gallup, was not served personally and received the summons and complaint which was left in his mailbox. This may not constitute proper service. Thus, all of these Defendants may fall under the exception to the unanimity rule and their failure to consent to the removal may not affect the removal.

The City of Gallup, however, was served in accordance with Rule 1-004 NMRA 2001 on May 21, 2001. Attorney Issacson, in her affidavit, stated that she was advised by Barbara Paredes of the City of Gallup Administrative Services' office that the copies of the summons and complaint for the City of Gallup were delivered to the City Clerk's office on May 21,

2001.  (Aff. Issacson ¶ 5).  According to  New Mexico Rule 1-004 (F)(5), service of process upon a municipal corporation can be made by delivering a copy of the summons and the complaint to the city clerk.  See NMRA 1-004 (F)(5).  The City of Gallup does not dispute that it was served on May 21, 2001.  The City of Gallup, however, did not consent to removal until June 28, 2001.

Defendant McKinley County contends that the City of Gallup served a motion to dismiss on June 7, 2001, and, therefore, this affirmative act constitutes a timely acquiescence to removal.  (Def. McKinley's Resp. to Mot. to Remand at 7).  However, this Court will not infer consent from the mere fact that a defendant filed his answer or motion in the federal court.  See Henderson v. Holmes, 920 F. Supp. 1184, 1187 (D. Kan. 1996).  As noted above, a defendant must communicate his assent independently and unambiguously.  See id.; Production Sys., Inc. v. Amerisure Ins. Co., 2002 WL 737780 (holding that the answer, like the motion to enlarge time, is insufficient because it does not specifically state that defendant consents to removal).  In the present case, the timely filing of an answer and motion to dismiss in the federal court did not itself constitute joinder or consent, since each Defendant was required to consent to removal officially, affirmatively, and unambiguously. See Spillers v. Tillman, 959 F. Supp. 364 (S.D. Miss. 1997); Am. Agents, Inc. v. Panalpina, Inc., 1997 WL 678155, * 2.  Because the City of Gallup's motion to dismiss does not expressly convey its consent to remove, This Court concludes that Defendant McKinley County's notice is procedurally defective under 28 U.S.C. § 1447(c), and the action should be remanded to the state court.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion to Remand and Notice of Motion* is **GRANTED** and this action is **REMANDED** to the First Judicial District Court for Santa Fe County, New Mexico.

**IT IS FURTHER ORDERED** that the parties bear their own costs and attorneys fees incurred with respect to this Motion.

**SO ORDERED**, this 30th day of June, 2003, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
*United States District Judge*